(No. 37603.—

THE BOARD OF TRUSTEES OF SOUTHERN ILLINOIS UNI-
VERSITY, Appellee, *vs.* LESTER LANGE *et al.*—(JULIUS
F. SHAFFER *et al.*, Appellants.)

*Opinion filed May 27, 1963.*

DURR & DURR, of Edwardsville, for appellants.

L. JAMES STRUIF, of Edwardsville, (G. RUSSELL
SCHWARZ, of Jerseyville, of counsel,) for appellee.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion
of the court:

This is an appeal by certain respondents from a decree of the circuit court of Madison County in an eminent domain proceeding brought by the petitioner, the Board of Trustees of Southern Illinois University. Respondents Julius F. Shaffer, Alvin I. and Florence Hutcherson moved to dismiss the petition and their motion was denied. Thereafter the question of damages was tried before a jury and judgment was entered vesting title in petitioner and awarding damages in accordance with the verdict. Respondents appeal directly to this court.

On this appeal respondents do not question the adequacy of the award. They do, however, insist that petitioner has failed to prove a *prima facie* case entitling them to condemn. To determine this question we must examine the pleadings.

The petition to condemn alleges the qualifications of the board, the delegation of the power of eminent domain, the authority to acquire land for a campus, the adoption of a resolution to acquire the subject land, and the necessity of the taking for a public use. It further sets forth that the compensation to be paid could not be agreed upon.

Respondent's motion to dismiss traversed the allegation of petitioner's authority to condemn land for a separate campus and of the necessity of the taking for a public use, and further alleges that the taking sought is excessive. After argument the trial court denied the motion to dismiss. The record does not indicate that either oral or documentary evidence was heard on the motion, and the trial court made no findings relating to the allegations of the petition.

The parties are in agreement that the proper method of testing the sufficiency of an eminent domain proceeding is by a motion to dismiss or traverse, and when such a motion is filed the burden is upon the petitioner to make *prima facie* proof of the disputed averments. *City of Evanston* v.

*Piotrowicz,* 20 Ill.2d 512; *Board of Education* v. *City of Chicago,* 402 Ill. 291, 298.

We think it clear that the motion to dismiss filed herein sufficiently traversed the jurisdictional allegations of the petition so as to require petitioner to meet this recognized burden of proof prior to a jury trial on the question of damages.

Petitioner, however, insists that it made a *prima facie* case at a preliminary hearing. Petitioner states in its brief that it had charts, plats and fieldmen, "at a separate hearing in chambers on the right of petitioner to take." It also relies on a plan of use of the land filed in answer to interrogatories, and on a certified copy of a resolution of the Board of Trustees which it states was, "in the hands of the Court." Petitioner also states that it introduced a map showing the general development plan for all the land sought to be acquired.

The entire record is before us however, and despite the assertions of petitioner *de hors* the record, it does not appear that any evidence was introduced at the preliminary hearing on the traversed allegations of the petition. Nor did the trial court enter any order indicating that evidence was heard or making any finding as to the authority of the petitioner, the necessity of taking, or the excessiveness of the taking, all of which were put in issue by the motion to dismiss. We have also examined the statement of the trial court's reasons for decision and find that they do not indicate that any proofs were offered by petitioner.

Neither the unsworn statements of counsel or fieldman, the personal knowledge of the trial judge, nor charts, plats, maps and resolutions, not introduced in evidence, can serve as a substitute for competent proof.

It is our conclusion that respondents, by a proper legal motion, denied the right of the petitioner to exercise the power of eminent domain in this case. It, therefore, became

the burden of petitioner to show its *prima facie* right by the production of competent evidence. (*City of Evanston v. Piotrowicz,* 20 Ill.2d 512, 517; *Department of Public Works and Buildings v. Lewis,* 344 Ill. 253, 260.) The record indicates that it failed to do so. The trial court was, therefore, in error in denying the motion to dismiss and in proceeding with a trial on the question of damages.

The judgment is therefore reversed and the cause is remanded to the circuit court of Madison County with directions to hear the motion to dismiss the petition upon such competent evidence as may be offered, and to proceed in accordance with the views expressed herein.

*Reversed and remanded, with directions.*