982

The Department of Public Works and Buildings, Petitioner-Appellee, *v.* Melvin D. Neace *et al.,* Defendants-Appellants.

(No. 72-173;

Second District—September 20, 1973.

*Rehearing denied October 9, 1973.*

Edward T. Graham, of Glen Ellyn, for appellants.

William J. Scott, Attorney General, of Chicago, (Calvert J. Gordon, of Righeimer & Righeimer, Special Assistant Attorney General, of counsel,) for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

This is an eminent domain proceeding. Certain defendants appeal from orders denying their traverses and motions to dismiss (traverse) and from the granting of petitioner's motion for immediate vesting of title (quick take).

Reversal is sought on two grounds: (1) the court erred by considering petitioner's motion for quick take prior to conducting a hearing on defendants' traverse; and (2) the evidence failed to support petitioner's authority to proceed under the power of eminent domain.

On November 16, 1970, petitioner filed a petition to condemn various parcels of property for the purpose of constructing Federal Aid Route 61 as part of the State's highway system. The petition alleged that authority to condemn was derived under section 4—501 of the Illinois Highway Code (Ill. Rev. Stat. 1969, ch. 121, sec. 4—501); that the construction of Route 61 was a public work, for public use; that the petitioner was authorized to acquire the property described in the petition; that a public purpose made the taking necessary; that offer of and negotiations toward compensation had failed.

The defendants are owners of two adjacent parcels of land located at the southwest corner of Swift and Old Army Trail Roads. Petitioner seeks to condemn the north 20 feet of each parcel.

On February 15, 1972, defendants each filed a traverse alleging in part that petitioner was not authorized to acquire their property by eminent domain and, further, that their property was not necessary for the petitioner's purpose; that if found necessary, the amount sought was excessive. Ten days later, the petitioner filed a motion for quick take and the matter was set for hearing on March 9, 1972.

At commencement of the hearing, defendants asserted that, as a matter of jurisdiction, the court was precluded from entertaining petitioner's motion for quick take prior to hearing the issues raised in defendants' traverse. The judge indicated, over objections, that he would proceed with the hearing on quick take and consider the traverse later in the course of the same proceeding.

Petitioner produced a sole witness who testified that Route 61 was to be a freeway connecting other freeways and arterial roads in Du Page

County and would improve the flow of traffic in the interest of public safety. He also testified concerning the construction schedule, and the need to acquire the contested parcels at an early date in order to meet federal requirements. During and after examination of the witness, petitioner's counsel interjected statements regarding the project.

Through this stage of the proceedings, defendants refused to either cross-examine the witness or introduce evidence, basing such action on the fact that the traverse had not yet been heard. Motion for quick take was allowed.

The court then indicated it would consider the traverse and, for these purposes, petitioner elected to adopt the earlier testimony of its witness. Defendants' attorney had petitioner's witness resume the stand. Cross-examination elicited the facts that neither Army Trail or Swift Road is a state highway and that the center line of Route 61 is over 1200 feet east of defendants' property. The only other evidence introduced was a right-of-way plan which depicted defendants' property and indicated those portions sought, but established no relationship between that property and Route 61. After argument by counsel, defendants' motions were denied.

At the close of proofs, the court's attention was called to defendants' discovery motion (filed February 15, 1972) requesting that petitioners be ordered to submit all engineering data which might indicate the effect the proposed construction might bear upon their property. The motion was denied.

■■ The applicable statute, the Eminent Domain Act, (Ill. Rev. Stat. 1971, ch. 47) clearly provides that as a prerequisite to petitioner's right to proceed on a motion for quick take under section 2.2(c), the court must first (if not already resolved in the same proceedings) make three determinations, *i.e.*, that petitioner has authority to exercise the right of eminent domain, that the property sought is subject to the right, and that the right is not being improperly exercised in the particular proceedings (section 2.2(b)). It was therefore error for the court to proceed without first determining issues raised by defendants' traverse.

■■ Regardless of the procedural error, it is more significant that petitioner's evidence, adopted from the quick take hearing, failed to meet the issues raised by defendants' traverse. It is established that petitioner must be specifically granted the power of eminent domain and that such grant is to be strictly construed. (*Department of Public Works & Bldgs. v. Ells*, 23 Ill.2d 619, 621-622 (1962); *Department of Public Works & Bldgs. v. Ryan*, 357 Ill. 150, 154-155 (1934).) Further when, as here, a motion to dismiss has been filed, the burden is on petitioner to establish a *prima facie* case of its right to condemn. (*City of Evanston*

*v. Piotrowicz,* 20 Ill.2d 512, 517 (1960); *Board of Education v. City of Chicago,* 402 Ill. 291, 298-299 (1949).) Petitioner must prove its case by competent evidence; unsworn statements of counsel or exhibits not in evidence are insufficient. *Board of Trustees v. Lange,* 28 Ill.2d 229, 231 (1963).

In the instant case, defendants' traverse put in issue the petitioner's authority to take their property, the necessity for including defendants' property and the excessiveness of the property sought. While the court's order of quick take made a finding in favor of petitioner on these issues, there was no evidence to support such finding. Evidence established only that, under section 4—501 of the Highway Code, petitioner had authority to condemn property for the construction of proposed Route 61 and that there was a need to construct such freeway for the public good. No evidence was offered to establish the relationship of that need to the taking of property more than 1200 feet distant from the proposed roadway, nor did any evidence refute the claimed excessiveness of such taking. Some questions placed in issue by defendants' traverse remained unanswered.

■■ The orders appealed are reversed and remanded with directions to hear the traverses and motions to dismiss upon such competent evidence as may be offered and to allow any amendments which the parties may desire.

Reversed and remanded with directions.

GUILD, P. J., and SEIDENFELD, J., concur.