(No. 47124

THE DEPARTMENT OF PUBLIC WORKS AND BUILD-
INGS (now Department of Transportation), Appellee,
v. LAWRENCE KELLER *et al.*, Appellants.

*Opinion filed September 26, 1975.*

George R. Schwarz, of Jerseyville, and Jack E. Horsley
and Richard F. Record, Jr., of Craig & Craig, of Mattoon,
for appellants.

William J. Scott, Attorney General, of Springfield
(Roy Frazier, Assistant Attorney General, and D. A.
McGrady, Special Assistant Attorney General, of counsel),
for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

The Department of Public Works and Buildings, now the Department of Transportation (Department), filed a petition in the circuit court of Jersey County to condemn 21.32 acres of land. The defendants, Lawrence Keller, Jr. and Sara Keller, the owners of the land and the defendant, J. C. Bremer, the tenant, filed a traverse and motion to dismiss. Following a hearing the circuit court dismissed the petition to condemn. The appellate court reversed and remanded. (22 Ill. App. 3d 54.) We granted leave to appeal.

The petition to condemn was filed pursuant to section 4–201.15 of the Illinois Highway Code (Ill. Rev. Stat. 1967, ch. 121, par. 4–201.15) by which the legislature granted to the Department the power:

"To provide for the preservation of the natural beauty of areas through which State highways are constructed, and to acquire the fee simple title, or such lesser interest as may be desired, including scenic easements, to any land, rights or other property necessary therefor."

The defendants in the traverse alleged that the Department had no authority under this section of the statute to condemn their land because there was no natural beauty on the tract to be preserved inasmuch as the land was an operating rock quarry and the natural beauty of this tract had been destroyed.

At the hearing the district landscape architect for the Department testified that after the adoption of an act of Congress referred to as the "Beautification Act of 1965" (see 23 U.S.C. sec. 319), the Department began a program of acquiring scenic easements along what it considered to be scenic routes. About 15 miles of Federal Aid Route 155 between Grafton and Alton were designated by the Department as a scenic route. The proper Federal agency approved the project. The cost of acquisition of the scenic

easements and the property along this route was to be paid from Federal funds. This witness further stated that this area was designated as a scenic route because it is the only spot in Illinois with possibly one exception where the highway is constructed through an area with high bluffs on one side and the Mississippi River on the other. The parcel in dispute is merely one part of the 15-mile area. It is near the northern end of the area and is near the city limits of Grafton. From this parcel not only are the bluffs and the Mississippi River visible, but the site also affords a view of the confluence of the Illinois and the Mississippi Rivers, one of the few spots from which this can be seen. The Department had already acquired the right of way along the highway in Jersey County for 10 miles southeast of the disputed property and had also acquired a tract in Madison County. This area was being used as a scenic route although it had not been completed.

The parcel in question originally contained 27 acres. A right of way for the highway through this property had previously been acquired. The Department in this proceeding seeks to acquire the remaining 21.32 acres. A stone quarry has been in operation on this land for more than 50 years and a scale for weighing the trucks hauling the rock is located on the property near the highway. The overburden has been removed and the face of the rock formation exposed to a height of from 110 feet to 200 feet, where the quarrying has taken place. Except for the removal of the overburden and the exposure of the face of the rock by the quarrying, the rock on the property is in its natural state. The owner of the property testified that a considerable amount of his land had not been disturbed by the operation. He estimated that only about 15 percent of the tract has been quarried.

The State proposes a rest area and a scenic overlook for this property on the bluff side of the road. To make this accessible it is necessary to build a road or a foot path from the highway to the top of the bluff. It is from this

rest area that the confluence of the two rivers is visible and by looking downstream from this elevated position one can see a substantial portion of the Mississippi River and the river road, as this route is called. The Department also contemplates a scenic overlook on the river side of the road on this parcel.

The defendants do not challenge the constitutionality of the statute by which the Department seeks to acquire this property. It is the defendants' contention that under this statute the Department can acquire property only for the purpose of preserving its natural beauty and it cannot acquire property under this statute for the purpose of "restoring" its natural beauty or for the purpose of constructing a rest area or an overlook from which point other scenes of natural beauty may be viewed. We find this construction of the statute urged by the defendants to be much too narrow to permit the accomplishment by the Department of the purpose stated by the General Assembly in the statute.

This purpose as stated (par. 4—201.15) is not to preserve the natural beauty of the parcel sought to be acquired, as defendants contend, but "To provide for the preservation of the natural beauty of *areas through which State highways are constructed.*" (Emphasis added.) To accomplish this purpose the Department may acquire such property "necessary therefor."

This 15-mile stretch of route F.A. 155 has been designated as a scenic route by the Department. It is not disputed and the evidence supports the conclusion that this part of the highway has been constructed through an area of "natural beauty." We will not attempt to define "beauty," which has been stated to be "altogether in the eye of the beholder." We believe, however, the evidence clearly discloses the presence in this area of sufficient objects of natural creation, *i.e.* the Mississippi River, the confluence of the two rivers and the bluffs with the outcropping of rock, to justify designating this general

area as one of natural beauty. The presence of a few man-made scars is inevitable and does not defeat the designation.

The Department has only such powers of eminent domain as are given to it by the legislature. (*Department of Public Works and Buildings v. Ells*, 23 Ill.2d 619.) It is the province of the court to determine whether the grant of the power has been made and whether the power is exercised within the grant. The law conferring the authority must be strictly construed. (*Department of Public Works and Buildings v. Ryan*, 357 Ill. 150.) When a traverse is filed challenging the authority to condemn, the burden is on the petitioner to make a *prima facie* case of the disputed allegations. (*Board of Trustees of Southern Illinois University v. Lange*, 28 Ill.2d 229; *City of Evanston v. Piotrowicz*, 20 Ill.2d 512.) Applying these accepted principles we conclude that the Department established a *prima facie* right to condemn the property in question as being necessary to preserve the natural beauty of the area along the 15 miles of F.A. 155 designated by the Department as a scenic route.

The defendants argue that since the natural beauty of this tract has been eroded by the quarrying operation it cannot be preserved. The taking, therefore, the defendants argue, is not for preservation but for restoration and is not authorized by the statute. We do not agree. Only about 15 percent of this 21.32-acre tract has been quarried. By acquiring this property through condemnation the Department will prevent the further destruction of the natural beauty of this parcel and of the entire area. This does not constitute restoration as the defendants contend. The prevention of further destruction of the natural beauty of the area preserves that of the remainder and is clearly within the stated purpose of the grant to the Department.

When the focus is on the preservation of the natural beauty of the entire area and not of the particular parcel it is apparent that what the defendants are contending is not

the lack of authority to condemn but the absence of necessity for the taking of the property in question to accomplish the authorized purpose. This court has held many times that whether the exercise of the power of eminent domain is necessary or expedient to accomplish an authorized purpose is not a question within the province of the court to determine. The agency on which the power has been conferred also has the authority to decide the necessity for its exercise. In the absence of a clear abuse of this authority the courts will not inquire into the necessity or the propriety of its exercise. (*Zurn v. City of Chicago,* 389 Ill. 114; *City of Chicago v. Vaccarro,* 408 Ill. 587; *Forest Preserve District v. Wike,* 3 Ill.2d 49; *Department of Public Works and Buildings v. McNeal,* 33 Ill.2d 248.) This court has held that the power of the Department in establishing, maintaining and improving highways is broad and plenary and it is only in the exceptional case where such authority and power have been manifestly abused that the courts will interfere. (*Department of Public Works and Buildings v. Farina,* 29 Ill.2d 474.) The evidence in this case does not disclose that the taking of the parcel in question constitutes such an abuse of the power conferred as to warrant judicial intervention.

· Nor does the fact that rest areas, scenic overlook sites and paths or roadways may be constructed on the property taken constitute an abuse of the exercise of the authority granted under this statute. These facilities are only incidental to the enjoyment by the motoring public of the natural beauty which will be preserved. See *City of Chicago v. Vaccarro.*

The defendants argue that this property cannot be taken under the guise of preservation because a going business, the rock quarry, is located on this land. This is but another argument concerning the question of necessity. Whether this property contains a going business or an abandoned quarry is not controlling. If the Department

determines that the acquisition of the property is necessary for the preservation of the natural beauty of the area the court will not interfere unless the exercise of that power constitutes an abuse of the authority granted. We have previously determined that in this case the Department has not abused this authority.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*