THE CITY OF BENTON, Petitioner-Appellee, *v.* JAMES ODOM *et al.*, Defendants-Appellants.

Fifth District   No. 5—83—0619

Opinion filed April 18, 1984.

Elmer Jenkins, of Benton, for appellants.

Donald G. Musick and Robert E. Shaw, both of Musick and Mitchell, of Mt. Vernon, for appellee.

JUSTICE KARNS delivered the opinion of the court:

This is an eminent domain action. Defendants-landowners, James Odom and Loretta Odom, appeal from the judgment of the circuit court of Franklin County entered upon a directed verdict in favor of the condemning authority, city of Benton. Benton was successful in condemning Odoms' agricultural property for an avigation easement, a right-of-way and clear zone for its municipal airport. Defendants contend that the court erred by denying their motion to dismiss the petition for condemnation and in striking their affirmative defenses. Defendants also contend that the court erred in disallowing their proffered valuation testimony and, consequently, erred by directing a verdict for damages.

The petition to condemn was filed in August 1979. Defendants traversed the petition with a motion to dismiss, contesting Benton's right to take or condemn their property. Defendants alleged numerous grounds for dismissal, including failure to state a cause of action; that the petition did not allege facts setting forth the necessity for condemnation; that the airport is not a legally authorized airport; that the ordinances attached to the petition are illegal and void; and that the airport is in violation of the regulations of the Illinois Department of Aeronautics and the Illinois Aeronautics Act.

The court denied the motion to dismiss after arguments. Defendants filed a timely answer. The answer included affirmative defenses alleging the same issues included in the motion to dismiss. After argument, the court granted Benton's motion to strike Odoms' affirmative defenses with leave granted to file amended affirmative defenses "limited to the sole issue of whether the City Council of the City of Benton, Illinois abused its legislative discretion in enacting Ordinance No. 1016." Defendants failed to amend despite a four-month opportunity and a two-week extension of time so to do.

The parties were before the court on several occasions pretrial. In September 1981, the parties appeared for a pretrial conference. The court's docket entry reads: "Parties announce that discovery is completed and cause ready to proceed to jury trial on value." In January

1983, the court heard arguments on defendants' claim for damages to land not taken. In February 1983, the parties appeared to argue Benton's motion *in limine* to disallow defendants' valuation evidence based on residential subdivision use. The court's docket entry reads: "Parties appear with counsel for Identification of Exhibits and Hearing on all Preliminary matters prior to trial." Jury trial commenced February 7, 1983. The court entered a pretrial order after finding no objection thereto on the part of defendants. The pretrial order provided "[t]hat the allegations of paragraph 1 of the Petition to Condemn are admitted and the allegations of paragraphs 2 through [the remainder] are true and proved."

The jury viewed the premises and heard valuation testimony from both sides. Benton's witness testified regarding value based on agricultural use. Defendants' testimony regarding value based on a residential subdivision use was stricken. Defendants did not testify as to the property's agricultural value. Consequently, the court directed a verdict for damages in the amount supported by the evidence presented.

■ Defendants' motion to dismiss traversed the allegations of plaintiff's authority to condemn and of the necessity for the taking. When such a motion is filed, the burden is upon the plaintiff to make a *prima facie* case of the disputed allegations. (*Department of Public Works & Buildings v. Keller* (1975), 61 Ill. 2d 320, 335 N.E.2d 443.) A *prima facie* case was established by the allegations of the petition and remained as such notwithstanding respondents' protestations to the contrary in their motion to dismiss.

The petition to condemn was brought pursuant to section 11—101—1 of the Illinois Municipal Code (Ill. Rev. Stat. 1983, ch. 24, par. 11—101—1). It is clear that the municipality of Benton has authority and may establish and maintain public airports and provide for safe approach and take-off by aircraft and is authorized to acquire by condemnation any private property for these purposes specified in that section. The petition alleged that the interest sought to be condemned was useful, advantageous and desirable for the city. It had been determined by ordinance duly enacted that it was necessary, convenient and desirable for the city to acquire the interest. The ordinances were incorporated in the petition to condemn.

■ Defendants' challenge to Benton's authority to acquire their property has no merit. Benton has exercised a legislative prerogative and this court will not inquire into the necessity or the propriety of its exercise absent a clear abuse of authority. (*Department of Public Works & Buildings v. Keller* (1975), 61 Ill. 2d 320, 325, 335 N.E.2d

443, 447.) Furthermore, ordinances adopted by municipalities are presumptively valid. (*City of Evanston v. Ridgeview House, Inc.* (1976), 64 Ill. 2d 40, 349 N.E.2d 399.) Defendants have not carried their burden of demonstrating that the ordinances are "illegal and void," that the airport is not legally authorized and that the airport is in violation of administrative regulations and statutes, although given ample opportunity to do so. Defendants' motion to dismiss was properly denied, as it was overcome by plaintiff's *prima facie* case. Defendants' assertion that the motion was summarily dismissed without hearing is refuted by the record:

> "10/3/80. R. W. Whitmer. Parties appear on Motion to Dismiss. Argument heard. Motion denied. Def't ordered to answer within 28 days."

Likewise, defendants' affirmative defenses were not stricken until after arguments on the motion to strike were heard. This was the second opportunity for defendants to argue substantially the same issues that they raised in their motion to dismiss. Again, the record contains no substantial evidence to support these defenses and overcome Benton's *prima facie* case. The court properly ordered the affirmative defenses stricken, granting leave "to file new affirmative defenses limited to the sole issue of whether the City Council of the City of Benton, Illinois abused its legislative discretion in inacting [*sic*] Ordinance No. 1016 [authorizing acquisition]." Defendants failed to file amended defenses of any kind. The next pleading was filed a year and a half later, and that was a claim for damage to property not taken. Defendants' failure to introduce evidence on these preliminary matters and their proceeding to trial on the question of value constitutes a waiver of these matters. See *Department of Public Works & Buildings v. McBride* (1930), 338 Ill. 347, 170 N.E. 295.

■ In summation, the record does not establish defendants' premise that they were denied hearings on either of these matters. Furthermore, defendants failed to object to the pretrial order finding all allegations of the petition admitted or proved. We conclude that all preliminary issues were properly determined prior to jury trial on value.

■ Defendants contend that the trial court erred in ruling they could not present evidence to prove the highest and best use of their property as residential and present valuation evidence based on that use; however, the court did allow testimony regarding highest and best use as residential but later struck such testimony because it was supported only by inadmissible valuation evidence. The court was correct in striking the testimony.

Defendants cite several propositions of law in support of their argument, among them, "[t]he owner of property appropriated for public use is entitled to its market value for the most profitable use for which it is available, and any capacity for future use which may be anticipated with reasonable certainty, though dependent upon circumstances which may possibly never occur, is competent to be considered by the jury if it in fact enhanced the market value of the land in its present condition and state of improvement" (*Crystal Lake Park District v. Consumers Co.* (1924), 313 Ill. 395, 406, 145 N.E. 215, 219); "[t]he measure of compensation for land taken by eminent domain proceedings is its fair cash market value for the highest and best use to which it is available, even if, at the time of filing the petition, the land is not being put to such use" (*City of Chicago v. Equitable Life Assurance Society of the United States* (1956), 8 Ill. 2d 341, 345, 134 N.E.2d 296, 299); and that the condemnee may value his property at the highest and best use to which it is "presently adapted," even though it is not being applied to that use, citing *City of Chicago v. Equitable Life Assurance Society of the United States* and *City of Chicago v. Harbecke* (1951), 409 Ill. 425, 100 N.E.2d 616. These are the general rules, of course, but they are not applicable to the facts presented here.

The Odoms' property is a farm. Mr. Odom has farmed it for many years. It is zoned agricultural and was subject to existing avigation easements. Mr. Odom testified in his capacity as landowner, and Mr. Reeder testified as an expert witness. In striking their testimony, the court properly distinguished between evidence of the value of unsubdivided land proposed, adapted or available for subdivision purposes and evidence of the value of subdivided land zoned residential and currently being sold for subdivision purposes. Odom and his expert witness attempted to value the property based on the latter, when the property is presently suited only to the former. They testified to value based on highest and best use as residential property but were unable to offer any proof of that value based on the value of comparable property. The evidence they offered was based on value of noncomparable property and was properly stricken. (See *Waukegan Park District v. First National Bank* (1961), 22 Ill. 2d 238, 174 N.E.2d 824; *City of Chicago v. Pridmore* (1957), 12 Ill. 2d 447, 147 N.E.2d 54; *Central Illinois Public Service Co. v. Gibbel* (1978), 65 Ill. App. 3d 890, 382 N.E.2d 846; *Department of Public Works & Buildings v. Exchange National Bank* (1976), 40 Ill. App. 3d 623, 356 N.E.2d 376.) While it is true that part of the land affected was being used for residential purposes and that Odoms had expended labor and expense to

adapt this particular property to residential use, it is clear that they attempted to value their farm land as if it were an existing subdivision with a number of lots damaged by the avigation easements. In this regard it is noted that Odoms may have survived a directed verdict had they presented evidence of the value of their agricultural zoned property as unsubdivided and undeveloped land with a present potential for subdivision use. Odoms did not present evidence of value of this sort.

■ Defendants' final contention is that the court erred by directing a verdict for the amount of compensation to be paid. We have concluded that the court did not abuse its discretion by disallowing defendants' proffered valuation testimony regarding residential subdivision use. In view of this and in view of the fact that defendants presented no counter evidence of value, nor any evidence of damage to land not taken, the court properly assessed compensation based on the valuation testimony of Benton's witness.

Defendants assert that since the jury viewed the property, this provided other and different evidence from that provided by Benton. Consequently, the jury could have decided not to believe Benton's witness. But if this were true, the jury would be left with nothing but the evidence from its own view. A verdict may not be based upon a jury view only. " 'The verdict must be supported by the evidence and can in no case rest solely upon the personal examination of the premises by the jury, however well convinced they may be that their examination furnishes a more reliable basis for an assessment of damages than the testimony of the witnesses.' " (*Mauvaisterre Drainage & Levee District v. Wabash Ry. Co.* (1921), 299 Ill. 299, 318.) The jury must bring in a verdict within the range of the valuation testimony presented. (F. Righeimer, Eminent Domain in Illinois sec. 5.09 (2d ed. 1972).) Here, the jury was not afforded a range to choose within and the question was properly dealt with as a matter of law.

For the reasons stated above, the judgment of the circuit court of Franklin County is affirmed.

Affirmed.

HARRISON and KASSERMAN, JJ., concur.