THE CITY OF CHICAGO, Plaintiff-Appellee, v. FIRST BANK OF OAK PARK, as Trustee, *et al.*, Defendants (Zayre Corporation, Defendant-Appellant).

First District (4th Division)   No. 88—0967

Opinion filed December 29, 1988.

322

James A. Cherney and Deborah C. Paskin, both of Latham & Watkins, of Chicago, for appellant.

Judson H. Miner, Corporation Counsel, of Chicago (Earl L. Neal, Special Assistant Corporation Counsel, and Richard F. Friedman, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

This is an interlocutory appeal (107 Ill. 2d R. 307) by defendant, Zayre Corporation. The appeal is taken from an order of the circuit court of Cook County denying Zayre's motion to dismiss and traverse the motion for immediate vesting of title and complaint for condemnation filed by plaintiff, the City of Chicago. Zayre raises the following issues on appeal: (1) whether the trial court applied the proper standard for a "quick-take" proceeding; and (2) whether the evidence demonstrates that plaintiff has the authority to exercise "quick-take" power over the entire property at issue.

We affirm.

By amendment dated February 9, 1987, the Illinois legislature added to the list of designated "quick-take" circumstances authority for "[a]ny municipality with a population of over 500,000 [to] utilize the quick-take procedures \*\*\* for the purpose of constructing or extending rapid transit lines." (Ill. Rev. Stat. 1987, ch. 24, par. 11—61—1a.) Pursuant to this amendment, on April 1, 1987, the city council of the City of Chicago adopted an ordinance authorizing the department of public works to acquire property located at 5601-35 South Cicero Avenue, Chicago, Illinois.

On January 15, 1988, plaintiff filed a complaint in the circuit court of Cook County for condemnation of the property for the purpose of constructing a "Southwest Rapid Transit Line" (hereinafter Southwest Transit project). The object of the Southwest Transit project is to provide transit to the southwest side of Chicago, the only section of the city not served by rapid transit.

On January 21, 1988, plaintiff filed a motion for "Immediate Vesting of Title" (i.e., quick-take motion) of the property at issue. The motion stated that plaintiff needed to acquire the property by eminent domain and quick-take for the Southwest Transit project. Zayre is a tenant and the holder of a long-term leasehold interest in the property. On February 26, 1988, Zayre filed a motion to dismiss (or traverse) plaintiff's motion and complaint. A supporting memorandum was attached to the motion. On February 26, 1988, an evidentiary hearing was held on Zayre's motion to dismiss. During the hearing, Zayre placed in evidence the deposition testimony of Henry Hanson. Hanson is the "right of way" engineer of plaintiff and is responsible for the acquisition of property for the department of public works and other city agencies. Hanson testified that two other projects were being conducted in the same area: expansion of Midway Airport and modifications to Cicero Avenue.

On February 29, 1988, the trial court denied defendant's motion to dismiss. This appeal followed.

■ Initially we must address plaintiff's contention that this appeal should be dismissed because Zayre failed to indicate in its notice of appeal that the order appealed from is interlocutory pursuant to Supreme Court Rule 307 (107 Ill. 2d R. 307). The purpose of the notice of appeal is to inform the prevailing party of the litigation that the losing party is seeking review by a higher court. (*Burtell v. First Charter Service Corp.* (1979), 76 Ill. 2d 427, 433.) It is the briefs of the litigants and not the notice of appeal that outline the issues which will determine whether a reversal is warranted. (*Burtell*, 76 Ill. 2d at

433.) For these reasons the notice of appeal is liberally construed. (*Burtell*, 76 Ill. 2d at 433.) Thus, the law is well settled "that a notice of appeal will confer jurisdiction on an appellate court if the notice, when considered as a whole, fairly and adequately sets out the judgment complained of and the relief sought so that the successful party is advised of the nature of the appeal. [Citations.] Unless the appellee is prejudiced thereby, the absence of strict technical compliance with the form of the notice is not fatal \*\*\*." *Burtell*, 76 Ill. 2d at 433-34.

■ Although the notice of appeal does not state that the order appealed from is interlocutory, the notice of appeal clearly states that Zayre is appealing from the order of the circuit court of Cook County denying its motion to dismiss and traverse plaintiff's motion for quick-take and complaint for condemnation. Furthermore, as evidenced by its brief, plaintiff was advised of the nature of this appeal. Therefore, we find that the notice of appeal fairly and adequately sets forth the order complained of and the relief sought so as to apprise plaintiff of the nature of the appeal. *Burtell*, 76 Ill. 2d at 433-34.

Zayre's first contention is that the trial court failed to apply a more stringent standard in analyzing a quick-take proceeding. It argues that the burden of demonstrating necessity and excessiveness is higher in a quick-take proceeding than what is normally required in an eminent domain proceeding.

■ The quick-take procedure under eminent domain, pursuant to the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 7—101 *et seq.*) (hereinafter referred to as the Code), allows "the plaintiff, at any time after the complaint has been filed and before judgment is entered in the proceeding, [to] file a written motion requesting that, immediately or at some specified later date, the plaintiff \*\*\* be vested with the fee simple title \*\*\* to the real property \*\*\* which is the subject of the proceeding, and be authorized to take possession of and to use such property." (Ill. Rev. Stat. 1985, ch. 110, par. 7—103.) In recognizing the fact that the greatest potential for delay in eminent domain is ascertaining the value of the property to be taken, the legislature designed quick-take proceedings to avoid delay in needed construction. The purpose of the proceeding is to pass possession and title in the condemnor prior to final determination of just compensation and yet protect the interest of the condemnee. *Department of Public Works & Buildings v. Dust* (1960), 19 Ill. 2d 217, 219-20.

■ Section 7—103 of the Code sets forth the allegations that must be contained in the motion for immediate vesting of title (quick-take) which include "the formally adopted schedule or plan of operation for the execution of [condemnor's] project \*\*\*; [and] the neces-

sity for taking such property in the manner requested in the motion." (Ill. Rev. Stat. 1985, ch. 110, par. 7—103.) In order to proceed on a quick-take motion, the court must initially determine "that the plaintiff has authority to exercise the right of eminent domain, that the property sought to be taken is subject to the exercise of such right, and that such right is not being improperly exercised in the particular proceeding." Ill. Rev. Stat. 1985, ch. 110, par. 7—104.

■ As revealed in sections 7—103 and 7—104 of the Code, outside of establishing immediate need, the statutory requirements for proving necessity and that the taking is not excessive are the same in both eminent domain and quick-take proceedings.

To support its argument that a stricter standard is applicable in establishing necessity and excessiveness in a quick-take proceeding, Zayre cites *Department of Public Works & Buildings v. Neace* (1973), 13 Ill. App. 3d 982, and *Department of Transportation v. V.I.P. Manor, Inc.* (1983), 117 Ill. App. 3d 137. In each of these cases the court found no relationship between the property sought and the construction project in order to substantiate a quick-take proceeding. Contrary to Zayre's assertion, the courts in these cases did not impose a higher burden upon the condemnor to show the necessity for acquisition of the property or to show that the taking was not grossly excessive. In essence, the above cases held that a quick-take motion will not be granted if the condemnor fails to demonstrate the statutory requirement of immediate need. Hence, other than the burden upon the condemnor of showing immediate need for the property sought, there is no stricter standard applicable in a quick-take proceeding.

Zayre's second contention is that plaintiff lacks authority to acquire the entire property in question. It argues that there is no necessity for the taking of the entire property and, therefore, the taking is "grossly excessive." Zayre further states that the deposition testimony of Hanson revealed that in addition to the Southwest Transit project there are two other projects in which plaintiff plans to use the property sought; namely, the widening of Cicero Avenue and the expansion of Midway Airport.

■ The Chicago city council adopted an ordinance on April 1, 1987, authorizing plaintiff to acquire the property in question. This ordinance was adopted pursuant to an amendment by the Illinois legislature which authorized "[a]ny municipality with a population of over 500,000 [to] utilize the quick-take procedures ***, exercising the power of eminent domain under section 7—103 of the Code of Civil Procedure for the purpose of constructing or extending rapid transit lines." (Ill. Rev. Stat. 1987, ch. 24, par. 11—61—1a.) Hence, plaintiff

does have authority to acquire the property at issue.

Once a traverse is filed challenging the eminent domain proceeding, the petitioner has the burden to make a *prima facie* case of the necessity of acquiring the property in question. (*Department of Public Works & Buildings v. Keller* (1975), 61 Ill. 2d 320, 324; *Department of Transportation v. Keller* (1984), 127 Ill. App. 3d 976, 978.) "However, where a resolution of the governing body which makes the finding of necessity is introduced into evidence a *prima facie* case is made. It is then the duty of the defendant to go forward with evidence in support of his contention that there was an abuse of discretion by the governing body. [Citations.]" *Trustees of Schools of Township No. 37 v. First National Bank* (1971), 49 Ill. 2d 408, 414.

Furthermore, it is not within the province of the court to determine whether the exercise of eminent domain power is necessary to achieve the authorized purpose. The agency which has this power has the authority to decide the necessity for its exercise. "In the absence of a clear abuse of this authority the courts will not inquire into the necessity or the propriety of its exercise." *Department of Public Works & Buildings*, 61 Ill. 2d at 325.

Plaintiff here made a *prima facie* case of necessity through the introduction of the ordinance, which authorized the taking of the entire property in dispute. Additionally, during the hearing plaintiff outlined the planned usage of the property, which included a vehicle storage building, numerous tracks, a maintenance building, an interior roadway, employee parking, an overflow parking lot, and a construction staging area. However, Zayre has not met its burden that plaintiff abused its condemnation power and that there is no necessity for the taking of the property in question.

The standard applied to determine if the condemnor has abused its quick-take power by taking more property than necessary is whether the amount taken is "grossly excessive." (*City of Waukegan v. Stanczak* (1955), 6 Ill. 2d 594, 604.) To meet its burden of going forward, Zayre first argues that because the overflow parking lot will provide additional parking for Midway Airport, the taking is grossly excessive and demonstrates an abuse of quick-take power. This argument ignores the fact that the lot will simultaneously be sued by the overflow of southwest transit riders, CTA, and southwest transit employees in addition to the overflow from Midway Airport. Moreover, we cannot find any law under eminent domain that prohibits more than one purpose being served by a condemnation.

Zayre's next argument alleges that use of a five-foot strip of the disputed property for the widening of Cicero Avenue also manifests

plaintiff's abuse of quick-take power. To the contrary, and as the trial court noted, in *Department of Business & Economic Development v. Pioneer Trust & Savings Bank* (1973), 15 Ill. App. 3d 269, the court stated that the mere fact that a small part of the property taken would be used for a different purpose was not an excessive taking or an abuse of quick-take power. (*Department of Business & Economic Development*, 15 Ill. App. 3d at 277.) "It is *** permissible for the condemnor to take not only sufficient land for the present need, but it may, and should, anticipate the future increased demands for the public use to which the land is to be devoted. This court is fully committed to this rule." *City of Chicago v. Vaccarro* (1951), 408 Ill. 587, 597.

Finally, Zayre contends that plaintiff has failed to introduce the final plans for the use of the property; hence, it has no condemnation power. Zayre states that it is only in a non–quick-take condemnation proceeding that the plans for the usage of the property have to be reasonably final. Zayre has not cited nor has this court found a case to support this contention.

In *Department of Transportation v. Keller* (1984), 127 Ill. App. 3d 976, the respondents also alleged that petitioner was without authority to exercise eminent domain powers because final plans of construction were not offered as evidence. The court held: "The fact that the Department of Transportation could not offer extensive plans for every parcel of land sought in the acquisition, or for every phase of a project which would extend over a period of years, did not deprive the Department of authority to condemn the various tracts." *Department of Transportation*, 127 Ill. App. 3d at 979.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI, P.J., and McMORROW, J., concur.