THE DEPARTMENT OF TRANSPORTATION *ex rel.* THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FIRST GALESBURG NATIONAL BANK AND TRUST COMPANY, Defendant-Appellant (Federal Land Bank of St. Louis *et al.*, Defendants).—THE DEPARTMENT OF TRANSPORTATION *ex rel.* THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EFFIE GERALDINE TINKHAM, Defendant-Appellant (Federal Land Bank of St. Louis, Defendant).

Third District Nos. 3—88—0585, 3—88—0590 cons.

Opinion filed September 27, 1989.

SCOTT, J., specially concurring.

Barash, Stoerzbach & Henson, of Galesburg (Burrel Barash, of counsel), for appellants.

Flack, Kwacala, Murphy & Ashenhurst, of Macomb (A. Anthony Ashenhurst, of counsel), for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The plaintiff, the Illinois Department of Transportation (Department), filed a complaint for condemnation seeking to acquire fee simple title to the existing Route 34 right-of-way for which it already has a surface-only dedication, and, additionally, the fee simple title to strips of land adjacent to the existing right-of-way in order to widen the highway. The Department filed "quick take" motions, and the defendant, First Galesburg National Bank and Trust Company, filed a traverse and motion to dismiss. The defendant's motion was denied and the plaintiff's "quick take" motions were allowed and compensation fixed. The defendant appeals the trial court order denying the traverse and motion to dismiss.

James A. Stone, a civil engineer employed by the Department, testified that the four parcels of land that are the subject of this dispute were needed promptly to complete road improvements on Route 34, which included widening the highway from 18 feet to 24 feet and providing the necessary ditches for drainage. When questioned why the Department needed the fee interest underneath the property in question, Stone responded that it was the policy of the Department when seeking condemnation to request fee simple title to avoid any future problems over the property with the landowners. This policy stemmed from a 1957 directive from the Illinois Attorney General's

office to the Department.

On appeal, the defendant raises three arguments: (1) the Department's actions were unconstitutional since they were able to acquire the fee interest in the property without adopting and following specific rules pursuant to the Illinois Administrative Procedure Act (Ill. Rev. Stat. 1987, ch. 127, par. 1004.02); (2) there was no evidence that it was necessary for the Department to acquire the fee interest to that portion of the highway which had already been dedicated; and (3) the Department had no reason for invoking the "quick take" procedure since there was no need to acquire the property promptly.

■ Before addressing the defendant's contentions, however, this court must initially respond to the Department's argument that an order denying a traverse and motion to dismiss is not a final and appealable order. The defendant in the present action followed the procedure set forth in *Department· of Public Works & Buildings v. Association of Fransciscan Fathers* (1972), 3 Ill. App. 3d 503. In *Fransciscan Fathers*, the defendant property owner filed a traverse and motion to dismiss in a "quick take" proceeding, which was denied and from which an appeal was taken. The court found that under the former Illinois Eminent Domain Act, the defendant could appeal the court's findings as to the Department's authority to exercise the right of eminent domain, the susceptibility of the property to its exercise, and its proper exercise in the particular case. (Ill. Rev. Stat. 1969, ch. 47, par. 2.2(b) (repealed 1979, now codified at Ill. Rev. Stat. 1987, ch. 110, par. ·7—104(b)).) The defendant's arguments on appeal focus on the alleged impropriety of the Department in exercising its right of eminent domain. Therefore, the defendant can appeal with regards to these issues.

■ The defendant first argues that the Department, by failing to enact specific guidelines, violated due process when it attempted to acquire the fee interest to the property in question. Section 4—501 of the Illinois Highway Code (Ill. Rev. Stat. 1987, ch. 121, par. 4—501) provides in relevant part:

> "The Department *** may acquire the fee simple title, or such lesser interest as may be desired, to any land, rights, or other property necessary for the construction, maintenance or operation of State highways ***."

The defendant argues that this legislative standard provides the Department with no guidelines in exercising its discretion. Consequently, the defendant maintains that the Department should be required to adopt specific rules pursuant to the Illinois Administrative Procedure Act, which clearly sets forth what constitutes actual need before ac-

quiring property under this statute. The Illinois Administrative Procedure Act provides:

> "Each rule which implements a discretionary power to be exercised by an agency shall include the standards by which the agency shall exercise the power. Such standards shall be stated as precisely and clearly *as practicable* under the conditions, to inform fully those persons affected." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 127, par. 1004.02.)

While we agree with the defendant that due process requires that an act provide sufficient standards to guide the administrative body in the exercise of its discretionary power (*People ex rel. Stamos v. Public Building Comm'n* (1968), 40 Ill. 2d 164), it is our view that section 4—501 of the Illinois Highway Code provides the Department with as much guidance as is *practicable* under the circumstances.

Although it is true that the standard set forth in the present statute is expressed in general terms, the precision of a standard must necessarily vary according to the nature of the objective and the problems involved. (*People ex rel. Stamos v. Public Building Comm'n* (1968), 40 Ill. 2d 164, 175.) Neither the legislature nor the Department should be required to adopt specific guidelines which attempt to determine what might be "necessary" with respect to the myriad of construction projects on the thousands of miles of highways in the State of Illinois. Rather, this determination, out of necessity, must be left to the discretion of the Department on a project-by-project basis, inasmuch as it is the Department whose job it is to be acquainted with the State's multifarious highway needs. (*Department of Public Works & Buildings v. Lanter* (1953), 413 Ill. 581.) Thus, this court finds that section 4—501 provides sufficient standards. Creating a more particular standard would be impractical, if not impossible.

▆▆▆ The aforementioned analysis, however, does not dispel the defendant's second argument, which contends that the Department failed to produce evidence that it was necessary to acquire the fee interest to that portion of the highway which had already been dedicated. Neither in the briefs nor during oral argument did the State identify one legitimate benefit that would be derived from acquiring the fee interest to that portion of the existing Route 34 right-of-way for which it already has a dedication. The State has the burden of establishing a *prima facie* right to condemn the property in question when a motion to dismiss has been filed, as in the instant case. (*Department of Public Works & Buildings v. Neace* (1973), 13 Ill. App. 3d 982.) Moreover, the State must prove its case by competent evidence. (*Neace*, 13 Ill. App. 3d at 985.) Here, the State did not meet its bur-

den of proof. Consequently, we find that the State cannot take more of an interest in the property than it demonstrates a need for. Therefore, the trial court improperly denied that portion of the defendant's motion to dismiss which contested the State's authority to condemn the fee interest to the land already in use as a highway pursuant to prior dedication.

 Finally, in order to invoke a "quick take" procedure, the necessity for acquiring the property in this manner must be stated in the "quick take" motion. (Ill. Rev. Stat. 1987, ch. 110, par. 7—103.) This requirement is due to the fact that the exercise of quick take power is an even more drastic procedure than the usual eminent domain proceedings because of the immediate vesting of title in the sovereign entity. (*Department of Transportation v. V.I.P. Manor, Inc.* (1983), 117 Ill. App. 3d 137.) This court finds that the State adequately set forth the necessity for invoking the "quick take" procedure to acquire the additional strips of land adjacent to the existing highway. This land was needed promptly to complete the road improvements on Route 34. Consistent with our previous ruling, however, we find that the State failed to show that a "quick take" procedure was necessary to acquire the fee interest to the existing Route 34 right-of-way for which it already has a dedication.

In summary, we find that although the Department had a right to exercise eminent domain proceedings to widen Route 34, it did not demonstrate a need to acquire the fee interest. That is to say, there is absolutely nothing in the record to indicate a need for more than a surface acquisition of the right-of-way.

Reversed and remanded.

WOMBACHER, P.J., concurs.

JUSTICE SCOTT, specially concurring:

I concur with the result reached by the majority in this case. However, I believe that attention should be addressed to the State's attempt to parlay a bureaucratic directive issued in 1957 by someone in the Attorney General's office to the status of a regulatory guideline in condemnation cases.

The guideline which the State desired to adopt was that, if a landowner acquiesces and negotiates a use of a portion of his land to the State for highway purposes, then a State would only receive a right-of-way interest. However, if the landowner is recalcitrant and wants a right to which he is entitled, to wit, a condemnation proceeding, then

according to the majority opinion the State is entitled to seek and receive a fee interest in the desired land. The condemnee, in the latter instance, is situated like the individual sitting under sword of Damocles. Acquiesce and cooperate and one is safe, but claim a right to an eminent domain proceeding, and the threads to the hanging sword will be severed, and it will fall. The latter result smacks strongly of autocratic bureaucracy.

In the instant case, the fee interest is not needed by the State. A highway is already in esse. The State already has a right of way dedication in the land in question. During oral argument, the State was unable to state one benefit that would be derived from the fee interest, which is necessary to the widening of the highway. The State acknowledged that any possible interest in the land, such as oil, gas or mineral rights, would not be utilized by the State. Such assets, if ever discovered, could be of value to the fee holder and should not blithely be taken from him. It is apparent that if he had not availed himself of his legal right to resist the taking by the State, he would still be possessed of certain possible rights.