(No. 69423.—

THE DEPARTMENT OF TRANSPORTATION, Appellant, v. FIRST GALESBURG NATIONAL BANK AND TRUST COMPANY *et al.*, Appellees.

*Opinion filed December 20, 1990.—Rehearing denied February 4, 1991.*

464

RYAN, J., took no part.

A. Anthony Ashenhurst, of Flack, Kwacala, Murphy & Ashenhurst, of Macomb, for appellant.

Burrel Barash, of Barash, Stoerzbach & Henson, of Galesburg, for appellees.

CHIEF JUSTICE MORAN delivered the opinion of the court:

The plaintiff, the Department of Transportation of the State of Illinois (Department), by virtue of its power of eminent domain, filed a complaint for condemnation in the circuit court of Warren County. In the complaint, it sought to acquire fee simple title to the existing Route 34 right-of-way since it already had surface-only dedication rights and, in addition, the fee simple title to strips of land adjacent to Route 34 so the highway could be widened. It later filed a motion for immediate vesting of title, otherwise known as a "quick-take" motion. One of the defendants, First Galesburg National Bank and Trust Company, filed a traverse and motion to dismiss. The court held a hearing and denied the defendants' motion, finding that the Department had the authority to exercise its right of eminent domain. The court also found that the Department properly exercised its right. Thereafter, the court fixed compensation for the land that was taken. The defendants appealed.

On appeal, the appellate court reversed (189 Ill. App. 3d 797), finding that: (1) the Department did not violate the due process rights of the defendants in exercising its power of eminent domain; (2) the Department did not establish, by competent evidence, a *prima facie* right to take a fee simple interest in land when it already had a surface right to use the land as a public highway; and (3) the Department failed to show that a quick-take procedure was necessary to acquire a fee simple interest in land when it already had a surface right to use the land as a public highway. This court granted the plaintiff's pe-

tition for leave to appeal (107 Ill. 2d R. 315(a)). Defendant answered, and also sought cross-relief.

The issues presented for review are whether: (1) the due process rights of the defendants were violated when the Department exercised its power of eminent domain; (2) the Department proved its *prima facie* right to take a fee simple interest in land, even though it already had a surface right to use the land as a highway; and (3) the Department sufficiently proved that a quick-take procedure was necessary to acquire a fee simple interest in land, even though it already had a surface right to use the land as a highway.

The relevant facts are undisputed. In its complaint for condemnation, the Department sought the fee simple title to two parcels of land. The Department wanted these particular parcels so that it could widen, resurface and repair Route 34. At the time the complaint was filed, sections of each of the two parcels contained a public right-of-way known as Route 34. The Department received, by dedication, the surface right-of-way for Route 34 in the 1920s and the property owners retained the underlying fee.

The defendants filed a traverse and motion to dismiss, asking the circuit court to dismiss the complaint of condemnation. It alleged that the Department did not have the authority to acquire the fee simple interest to the two parcels because it already had an easement to use the property as a public highway. In addition, the defendants claimed the Department's acquisition of the land would deny them due process because it did not adopt any rules or regulations in accordance with the Illinois Administrative Procedure Act (Ill. Rev. Stat. 1987, ch. 127, par. 1004.02). The defendants maintained that as a consequence of the Department's failure to adopt any rules, their due process rights were violated because they did not know under what circumstances the Depart-

ment would seek a fee simple title or a lesser property interest in land for its highway construction projects.

At the hearing on these motions, James A. Stone, a civil engineer with the Department, testified that the property was needed in order to widen Route 34, and that the Department currently had a surface right to use the property as a highway, but the Department was seeking the fee simple title to the land because the fee simple title was necessary, reasonable and expedient to the Department.

On cross-examination, defense counsel questioned Mr. Stone on the necessity of acquiring fee simple title to dedicated land that was already in use as a public highway. He responded that as a result of an Attorney General directive in 1957, it became the Department's policy to obtain the fee simple title to any land needed for the State's highways. He explained further that the fee simple title was taken because if the Department acquired a lesser estate, property disputes would sometimes occur between the State and the owners of the underlying fee.

The trial court ruled that the Department had a right, by statute, to take a fee simple title or any lesser estate it deemed necessary. In addition, the court found that the Department had properly exercised its right. Consequently, the court denied defendant's motion and granted plaintiff's motion for immediate vesting of title. Defendant appealed. The appellate court reversed and remanded (189 Ill. App. 3d at 801).

The defendants argued that the Department's failure to adopt rules to guide its discretionary power to condemn land amounts to a violation of their constitutional right of due process. It maintains that the Department is required to establish specific rules pursuant to the Illinois Administrative Procedure Act and that these rules should explain under what circumstances the Department can acquire either a fee simple title or a lesser es-

tate under section 4—501 of the Illinois Highway Code (Ill. Rev. Stat. 1987, ch. 121, par. 4—501).

To comport with the due process clauses of the State and Federal Constitutions, an act must not be vague and it must also provide sufficient standards to guide the governmental agency in the exercise of its powers. "Absolute criteria whereby every detail necessary in the enforcement of a law is anticipated need not be established by the General Assembly." *People ex rel. Stamos v. Public Building Comm'n* (1968), 40 Ill. 2d 164, 174-75.

We find that section 4—501 of the Illinois Highway Code (Ill. Rev. Stat. 1987, ch. 121, par. 4—501) is not unconstitutionally vague or uncertain and the Department's long-standing practice of taking a fee simple interest, rather than a lesser estate, is a sufficient standard to guide it in the exercise of its discretionary power. Section 4—501 states in general, but not in vague or uncertain terms, that the Department can acquire either a fee simple title or such lesser interest in land "for the construction, maintenance or operation of State highways." The Department cannot simply acquire land for any purpose. Land can only be acquired in connection with the development of our State highway system. Moreover, the Department's 30-year practice of acquiring the fee simple title to land instead of obtaining easements is a sufficient standard to guide it in the exercise of its discretionary power. Because the Department does not have rules aside from its past practice does not equate to a denial of the defendant's due process rights.

The second issue is whether the Department met its *prima facie* burden by proving that it had a right to take a fee simple interest in land, even though it already had a surface right to use the land as a public highway. The Department has only such powers of eminent domain as are conferred upon it by the legislature. (*Department of Public Works & Buildings v. Ells* (1962), 23

Ill. 2d 619, 621-22.) The law conferring the authority must be strictly construed. (*City of Mount Carmel v. Partee* (1979), 74 Ill. 2d 371, 378.) The court's function is to decide whether the power of eminent domain was exercised within the limits of the law.

The Department has the authority to acquire property according to section 4—501 (Ill. Rev. Stat. 1987, ch. 121, par. 4—501), which reads in part: "The Department *** may acquire the fee simple title, or such lesser interest as may be desired, to any land, rights, or other property necessary for the construction, maintenance or operation of State highways ***." The defendants challenged the Department's authority to acquire the underlying fee to Route 34 by filing a traverse and motion to dismiss.

When a motion to dismiss is filed challenging the authority to condemn, the burden is on the petitioner to make a *prima facie* case of the disputed allegations. (*Department of Public Works & Buildings v. Keller* (1975), 61 Ill. 2d 320, 324.) The defendants argued and the appellate court agreed that the Department failed to prove a *prima facie* case giving it the right to obtain the underlying fee to Route 34 because no evidence was produced which showed "that it was *necessary* to acquire the fee interest to that portion of the highway which had already been dedicated." (Emphasis added.) 189 Ill. App. 3d at 800.

We agree with the findings of the trial court and hold the Department satisfied its *prima facie* burden of proof when it introduced into evidence section 4—501 (Ill. Rev. Stat. 1987, ch. 121, par. 4—501). The statute specifically authorized the Department to acquire the fee simple title to the disputed land. In *Village of Deerfield v. Rapka* (1973), 54 Ill. 2d 217, 225, this court held that "[a]s to the proof of necessity, the plaintiff established a *prima facie* case when it introduced in evidence its ordinance

reciting a need for the establishment of a recreational center."

A landowner in *City of Chicago v. Walker* (1971), 50 Ill. 2d 69, 71, raised an argument similar to the defendant's argument in this case when it claimed that the City of Chicago failed to make a *prima facie* case because the city did not offer any evidence supporting their need to acquire certain property. Instead, the city supported its right to acquire the property by introducing into evidence a city department resolution and a city council ordinance which approved taking the property. This court held that the burden of proof was properly shifted to the condemnee because "[t]he introduction into evidence of the resolution of the Department *** and the ordinance approving it made out a *prima facie* case." *City of Chicago v. Walker* (1971), 50 Ill. 2d 69, 71.

Having decided that the Department made a *prima facie* case, the defendants had to go forward with evidence in support of their belief that there was an abuse of discretion by the governing body. (*Trustees of Schools v. Sherman Heights Corp.* (1960), 20 Ill. 2d 357, 359.) In *Department of Public Works & Buildings v. Keller* (1975), 61 Ill. 2d 320, 325, this court held:

> "[W]hether the exercise of the power of eminent domain is necessary or expedient to accomplish an authorized purpose is not a question within the province of the court to determine. The agency on which the power has been conferred also has the authority to decide the necessity for its exercise. In the absence of a clear abuse of this authority the courts will not inquire into the necessity or the propriety of its exercise. [Citations.] This court has held that the power of the Department in establishing, maintaining and improving highways is broad and plenary and it is only in the exceptional case where such authority and power have been manifestly abused that the courts will interfere."

The defendants maintain that the Department abused its discretion by taking the underlying fee to Route 34 because the Department only intended to continue to use the surface of the land as a highway. On the question of how much of an interest in land the Department can rightfully acquire, this court has held that "the estate or quantum of interest taken may be the maximum interest in property, the fee simple absolute, if the legislature so determines." (*City of Waukegan v. Stanczak* (1955), 6 Ill. 2d 594, 604.) It is only when the statute does not define the quantum of interest that can be taken that the needs of the public purpose control. *City of Waukegan v. Stanczak* (1955), 6 Ill. 2d 594, 604-05.

The legislature has determined that the Department, pursuant to section 4—501 (Ill. Rev. Stat. 1987, ch. 121, par. 4—501), has the right to acquire the fee simple title to any land, so long as the land is to be used for highway purposes. Therefore, since the legislature determined that the Department could acquire the fee simple absolute, the Department did not abuse its discretion by acquiring the underlying fee to Route 34.

The third and final issue for review is whether the Department sufficiently proved the necessity of acquiring the underlying fee to Route 34 in order to properly invoke the quick-take procedure. (Ill. Rev. Stat. 1987, ch. 110, par. 7—103.) The quick-take procedure permits the immediate transfer of possession and title in the condemnor prior to a final determination of just compensation, while at the same time, protecting the interest of the condemnee. (*Department of Public Works & Buildings v. Dust* (1960), 19 Ill. 2d 217, 218.) In order to take title to property through the quick-take procedure, the plaintiff must file a written motion and in the motion state, among other things, "the necessity for taking such property." Ill. Rev. Stat. 1987, ch. 110, par. 7—103.

The issue of necessity in a quick-take motion was recently addressed in *City of Chicago v. First Bank* (1988), 178 Ill. App. 3d 321, 326: "As revealed in sections 7—103 and 7—104 of the Code, outside of establishing immediate need, the statutory requirements for proving necessity and that the taking is not excessive are the same in both eminent domain and quick-take proceedings." We agree with the reasoning of the appellate court in this case and hold that the Department does not have a heavier burden of proving necessity in a quick-take proceeding than the evidentiary burden it must satisfy in an eminent domain proceeding. As stated earlier in this opinion, the Department made a *prima facie* case of necessity through the introduction into evidence of section 4—501 of the Illinois Highway Code, which authorized the taking of the fee simple title to the two parcels in dispute. Since there was no showing that the Department manifestly abused its authority, this court will not inquire into the necessity of the Department's exercise of its power of eminent domain.

For the reasons set forth above, we reverse the decision of the appellate court, deny defendant's petition for cross-relief, and affirm the decision of the circuit court of Warren County.

*Appellate court reversed;*
*circuit court affirmed.*

JUSTICE RYAN took no part in the consideration or decision of this case.