THE FOREST PRESERVE DISTRICT OF COOK COUNTY, Plaintiff-Appellant, v. THE CITY OF CHICAGO, in trust for the use of schools, *et al.,* Defendants-Appellees.

First District (4th Division)   No. 86—1700

Opinion filed August 6, 1987.

Greg A. Kinczewski, of Forest Preserve District of Cook County, of Chicago, for appellant.

Patricia J. Whitten and Evangeline Levison, both of Board of Education of City of Chicago, of Chicago, for appellees.

JUSTICE JOHNSON delivered the opinion of the court:

This proceeding was instituted when plaintiff, Forest Preserve District of Cook County, Illinois, filed suit to quiet title to certain real estate situated in Cook County. On cross-motions for summary judgment, the circuit court entered judgment for defendants, city of Chicago in trust for the use of schools and the board of education of the city of Chicago. Plaintiff appeals, raising two issues for review: (1) whether defendants had the statutory authority to acquire through condemnation proceedings a fee simple estate; and (2) if such authority existed, whether they fully exercised their power.

We affirm.

The record reveals that plaintiff owned a fee simple estate in the premises in 1947 when defendants filed a condemnation action to acquire it. In 1948, defendants built a one-story frame school on the premises which became commonly known as Forest Glen School or "The Little Red School House." In September 1981, defendants closed the school, ceased using the premises for school purposes, and ordered their business manager to sell the premises. Plaintiff alleges that the defendants only acquired an easement in the 1947 condemnation to use the premises for a school. Defendants argue that they had the statutory authority to acquire a fee simple estate and that they exercised their authority in acquiring the premises. We agree.

Plaintiff contends that the 1947 School Code's eminent domain statute (Ill. Rev. Stat. 1947, ch. 122, par. 34—19) did not authorize the taking of a fee simple estate and that, even if such authority existed, defendants did not exercise their full authority. Considering that numerous opinions from this court have discussed the precedential development of this issue (*e.g., Scheller v. Trustees of Schools* (1978), 67 Ill. App. 3d 857, 859-63, 384 N.E.2d 971, 974-77; *Trustees of School of Township 42 v. Schroeder* (1971), 2 Ill. App. 3d 1009, 1013-15, 278 N.E.2d 431, 434-35), we shall not repeat our analysis here, but will summarize the principles gleaned from prior decisions.

Our constitution does not confer, but recognizes, the inher-

ent power of the State to exercise eminent domain. (*Department of Public Works & Buildings v. Ryan* (1934), 357 Ill. 150, 154, 191 N.E.2d 259, 261.) However, the right of eminent domain by a municipality or department of government can only be exercised when such grant is specifically conferred by legislative enactment, and then only in the manner and by the agency so empowered. (*Department of Public Works & Buildings v. Schlich* (1935), 359 Ill. 337, 345, 194 N.E. 587, 590-91.) It is presumed that school trustees are acting under the authority of the relevant eminent domain statute in force when no formal condemnation proceeding has been instituted and the elements of adverse possession have not been satisfied. (*Superior Oil Co. v. Harsh* (E.D. Ill. 1941), 39 F. Supp. 467, *aff'd* (7th Cir. 1942), 126 F.2d 572; *Miner v. Yantis* (1951), 410 Ill. 401, 102 N.E.2d 524.) When the record presents no evidence to the contrary, it is presumed that the trustees take only that quantum of estate necessary to accomplish their purpose, at most, a fee simple determinable or easement. (*Kelly v. Bowman* (E.D. Ill. 1952), 104 F. Supp. 973, *aff'd* (7th Cir. 1953,), 202 F.2d 275; *Superior Oil Co. v. Harsh* (E.D. Ill. 1941), 39 F. Supp. 467; *Miner v. Yantis* (1951), 410 Ill. 401, 102 N.E.2d 524.) However, when a municipality or department of government exercises its statutory authority to take the land of an individual by eminent domain it is strictly limited to taking such an estate as may be specifically authorized by the statute itself, or if the estate is not specifically defined by the statute, then the limitation is to such an estate as is absolutely necessary to the purpose in view. (*Miner v. Yantis* (1951), 410 Ill. 401, 102 N.E.2d 524.) Trustees are empowered to take real estate in fee simple absolute to be used for school purposes when an express grant of authority has been given or where the judgment order explicitly vests a fee simple title. (*City of Waukegan v. Stanczak* (1955), 6 Ill. 2d 594, 129 N.E.2d 751.) Trustees are authorized under the School Code to take a fee simple absolute if they so desire. (See *Trustees of Schools v. Schroeder* (1971), 2 Ill. App. 3d 1009, 278 N.E.2d 431.) Finally, absent evidence to the contrary, trustees acquire a fee simple absolute when they are explicitly acting pursuant to their eminent domain authority. See *Scheller v. Trustees of Schools* (1978), 67 Ill. App. 3d 857, 384 N.E.2d 971.

The 1947 School Code provides in pertinent part that "[t]he board may acquire by purchase, condemnation or otherwise, real estate for any school purposes." (Ill. Rev. Stat. 1947, ch. 122, par. 34—19.) In *Trustees of Schools v. Schroeder* (1971), 2 Ill. App. 3d 1009, 1013-15, 278 N.E.2d 431, 434-35, we compared the applicable eminent domain provisions of the 1959 School Code (Ill. Rev. Stat. 1959, ch. 122, par.

7—17) with the 1881 School Code (Ill. Rev. Stat. 1882, ch. 122, par. 41, interpreted in *Miner v. Yantis* (1951), 410 Ill. 401, 102 N.E.2d 524, and considered in *Superior Oil Co. v. Harsh* (E.D. Ill. 1941), 39 F. Supp. 467); the 1905 School Code (Ill. Rev. Stat. 1905, ch. 122, par. 151, interpreted in *Kelly v. Bowman* (E.D. Ill. 1952), 104 F. Supp. 973 (with contrary conclusion but not followed in comparing case)); and the 1953 School Code (Ill. Rev. Stat. 1953, ch. 122, par. 32—30, interpreted in *City of Waukegan v. Stanczak* (1955), 6 Ill. 2d 594, 192 N.E.2d 751). The court found that the grant of condemning power in these statutes was basically similar.

■ We find nothing in the grant of condemning power in section 34—19 of the 1947 School Code (Ill. Rev. Stat. 1947, ch. 122, par. 34—19) that warrants a narrower interpretation of the quantum of estate it authorizes than that of the foregoing statutes. Thus, the defendants were fully empowered to take a fee simple absolute and, finding no contrary evidence in the record, we presume they exercised their full condemnation power acquiring a fee simple absolute in the premises.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McMORROW, P.J., and JIGANTI, J., concur.