THE VILLAGE OF LONG GROVE, Plaintiff-Appellant, v. FIRST NATIONAL BANK OF LAKE FOREST, as Trustee, *et al.*, Defendants-Appellees.

Second District   No. 2—87—0400

Opinion filed December 31, 1987.—Rehearing denied January 27, 1988.

John M. Mullen, of Conzelman, Schultz, Snarski & Mullen, of Waukegan, for appellant.

Donald T. Morrison, of Donald T. Morrison & Associates, P.C., of Waukegan, for appellees.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, the Village of Long Grove (Long Grove), appeals from an order of the circuit court of Lake County dismissing its petition for condemnation proceedings. The sole issue on appeal is whether Long Grove has statutory authority to condemn property outside of but adjacent to its corporate border for the purpose of creating parks and open spaces.

The facts are not in dispute. On December 16, 1985, Long Grove filed a condemnation petition seeking to condemn three contiguous parcels of land all lying adjacent to property within Long Grove and along the easterly edge of Illinois Route 83. The petition stated that the purpose of the condemnation was for the "creation and maintenance of a park and open space" and cited section 11—61—1 of the Illinois Municipal Code (Ill. Rev. Stat. 1985, ch. 24, par. 11—61—1) as its sole source of statutory authority. Defendants, the various owners of the three parcels, filed a traverse and motion to dismiss the condemnation petition. The bases argued for dismissal were, *inter alia,* no authority to file the petition and failure to properly proceed under the statute. In a memorandum in opposition to defendants' motion, Long Grove stated that it was also relying on sections 11—61—2, 11—

94—1, and 11—98—1 of the Illinois Municipal Code (Ill. Rev. Stat. 1985, ch. 24, pars. 11—61—2, 11—94—1, 11—98—1) as indicated in the village's enabling ordinance which was attached to the condemnation petition.

Following an evidentiary hearing, the circuit court entered an order granting defendants' traverse and motion to dismiss. The circuit court, relying on *Village of Deerfield v. Rapka* (1973), 54 Ill. 2d 217, 296 N.E.2d 336, ruled that section 11—61—1 does not, by itself, confer the authority upon a municipality to condemn property outside its corporate boundaries for the purposes set forth in Long Grove's petition. The court further ruled that, although the petition cited only section 11—61—1, sections 11—61—2, 11—94—1, and 11—98—1 do not provide such authority either.

Long Grove subsequently filed a post-trial motion to vacate in which it cited sections 11—61—1, 11—94—1, 11—98—1, and 11—105—1 as authority to condemn in this situation. The motion was denied and this appeal followed.

On appeal, Long Grove contends, relying on *Village of Deerfield v. Rapka* (1973), 54 Ill. 2d 217, 296 N.E.2d 336, that section 11—61—1 of the Illinois Municipal Code provides the statutory authority for the condemnation in this case. Alternatively, it argues that sections 11—61—1, 11—94—1, 11—98—1 and 11—105—1, either individually or jointly, give it the power to condemn the property in question.

■ We begin our analysis by noting that the legislature may authorize the power of eminent domain by statute. (*People ex rel. Director of Finance v. YWCA* (1981), 86 Ill. 2d 219, 232-33, 427 N.E.2d 70; *Department of Public Works & Buildings v. Keller* (1975), 61 Ill. 2d 320, 324, 335 N.E.2d 443.) While our constitution does not confer, but recognizes, the inherent right of the State to exercise eminent domain, the power of eminent domain can only be exercised by a municipality or department of government when such grant is specifically conferred by legislative enactment, and then only in the manner and by the agency so empowered. (*Forest Preserve District v. City of Chicago* (1987), 159 Ill. App. 3d 859, 860-61, 513 N.E.2d 22.) It is within the province of the court to decide whether a particular statute grants such authority, and in making this determination, the court must strictly construe the statutory grant so as to protect the rights of property owners. *YWCA*, 86 Ill. 2d at 233, 427 N.E.2d at 70; *Keller*, 61 Ill. 2d at 324, 335 N.E.2d at 447.

In *Village of Deerfield v. Rapka* (1973), 54 Ill. 2d 217, 296 N.E.2d 336, a case relied on by both parties, as well as the circuit court, our supreme court held that section 11—95—1, when read in conjunction

with section 11—61—1, provides the authority for a municipality to condemn property outside but immediately adjacent to a municipality's corporate limits for the purpose of establishing a playground or recreational facility. A clear understanding of that decision is necessary to the proper disposition of this case. Although Long Grove urges that *Rapka* interprets section 11—61—1 in such a fashion as to make its terms applicable in this case, we interpret *Rapka* as being decided more narrowly.

In *Rapka*, the municipality attempted to condemn acreage for establishment of a playground or recreational center outside but adjacent to its corporate boundaries pursuant to section 11—95—1. (*Rapka*, 54 Ill. 2d at 219, 296 N.E.2d at 337.) Section 11—95—1 does not expressly provide for condemnation, but does provide for the acquisition of property for such use outside a municipality's corporate limits "in such manner as provided by law." (See Ill. Rev. Stat. 1985, ch. 24, par. 11—95—1.) On appeal, the municipality argued that section 11—95—1, combined with section 11—61—1, gave it the power to condemn property outside but adjacent to its corporate boundaries. *Rapka*, 54 Ill. 2d at 220, 296 N.E.2d at 338.

Although the supreme court recognized that section 11—61—1 does confer a broad power of condemnation upon a municipality, it limited its holding to a condemnation of property under the requirements of section 11—95—1. (*Rapka*, 54 Ill. 2d at 223, 296 N.E.2d at 339.) There is no language in *Rapka* to support Long Grove's contention that section 11—61—1, alone, gives a municipality general authority to condemn property outside its corporate limits. It is essential to note that section 11—95—1 specifically refers to other means provided by law in reference to the acquisition of property by a municipality (see Ill. Rev. Stat. 1985, ch. 24, par. 11—95—1), and it was that language which the court in *Rapka* focused on when combining sections 11—95—1 and 11—61—1 to arrive at its conclusion that the municipality in that case had the authority to condemn the property outside its corporate limits for establishment of a playground or recreational center. See *Rapka*, 54 Ill. 2d at 223, 296 N.E.2d at 339.

Section 11—61—1 provides:

"The corporate authorities of each municipality may exercise the right of eminent domain by condemnation proceedings in conformity with the provisions of the constitution and statutes of the State of Illinois for the acquirement of property useful, advantageous or desirable for municipal purposes or public welfare including property in unincorporated areas outside of but adjacent and contiguous to the municipality where required for

street or highway purposes by the municipality." (Ill. Rev. Stat. 1985, ch. 24, par. 11—61—1.)

This section by itself does not specifically authorize municipalities to condemn lands beyond their borders for parks or open spaces, as sought here, but limits the power of condemnation outside of the municipality under this section "where required for street or highway purposes." See *City of Peoria v. Keehner* (1983), 115 Ill. App. 3d 130, 132, 449 N.E.2d 1376.

We find, therefore, that section 11—61—1 itself does not provide Long Grove's claimed authority to condemn the property for parks and open spaces as sought here. Accordingly, we need only determine whether any of the remaining statutes cited on appeal by Long Grove, without authority and little argument, provide the authority for condemnation in this case. Long Grove no longer relies on section 11—61—2 as it did below, and we need not discuss the applicability of this section further.

Section 11—94—1, relied on by Long Grove, provides, in pertinent part:

"Any municipality with a population of less than 500,000 has the power to construct or acquire and purchase or improve and operate natatoriums or swimming pools, indoor or outdoor tennis courts, handball, racquetball or squash courts, artificial ice skating rinks and golf courses, or any other recreational facility or any combination of facilities ***.
***

A municipality has the power to acquire by purchase, gift, or condemnation, property necessary or appropriate for the purpose of exercising the powers granted by this Section." (Ill. Rev. Stat. 1985, ch. 24, par. 11—94—1.)

Although the language of this section specifically provides for acquisition of property through condemnation, it does not expressly provide for condemnation beyond the corporate boundaries. Under the principles that a public body has only such powers of eminent domain as are given to it by the legislature and that eminent domain statutes are required to be strictly construed to protect the property rights of landowners (see *Forest Preserve District v. City of Chicago* (1987), 159 Ill. App. 3d 859, 860-61, 513 N.E.2d 22; *Town of Libertyville v. Bank of Waukegan* (1987), 152 Ill. App. 3d 1066, 1070, 504 N.E.2d 1305), we conclude that section 11—94—1 does not provide the statutory authority for condemnation in this case. Nor does section 11—94—1, like section 11—95—1, refer to any other statute which does provide for condemnation, as is contained in section 11—61—1.

■ Long Grove's reliance on section 11—98—1 is equally unpersuasive. Section 11—98—1 states, in pertinent part:

"The corporate authorities of each city and village with a population of less than 85,000, whether incorporated under the general law or a special charter, may purchase, establish, and maintain public parks for the use and benefit of the inhabitants of the municipality." (Ill. Rev. Stat. 1985, ch. 24, par. 11—98—1.)

The language makes no reference to condemnation nor does it refer to acquisitions beyond the corporate limits. We find, therefore, that section 11—98—1 also fails to provide any authority for the proposed condemnation.

Finally, section 11—105—1 also does not provide authority for a municipality to condemn. Section 11—105—1 provides:

"The corporate authorities of each municipality may accept or receive through gift, grant, legacy, dedication in plats of subdivision or otherwise, parks, playgrounds, areas enclosing flood plains, floodwater runoff channels and detention ponds or basins, and other public grounds and easements located within the corporate limits or in unincorporated territory not more than 1 miles from such limits; may hold and maintain such grounds and lands; and may supervise or regulate their use for any proper public purpose." (Ill. Rev. Stat. 1985, ch. 24, par. 11—105—1.)

Although this section does provide for the receipt or acceptance of property outside a municipality's borders, it does not refer to condemnation nor does it, like section 11—95—1, refer to any other statute which would provide such authority.

Upon examination of the various statutes relied upon by Long Grove as authority for its condemnation of the property in this case, we find no such legislative grant. Thus, we affirm the circuit court's dismissal of Long Grove's petition for condemnation.

Affirmed.

NASH and DUNN, JJ., concur.