FOREST PRESERVE DISTRICT OF COOK COUNTY, Plaintiff-Appellant, v. MOUNT GREENWOOD BANK LAND TRUST 5—0899 *et al.*, Defendants-Appellees.

First District (6th Division) No. 1—91—0743

Opinion filed September 13, 1991.

Greg A. Kinczewski, of Forest Preserve District of Cook County, and Earl L. Neal & Associates, both of Chicago, for appellant.

George J. Anos, Lawrence M. Freedman, Barry Ash, and Yolanda M. Kielar, all of Ash, Anos, Freedman & Logan, and Burke & Ryan, both of Chicago, for appellees.

PRESIDING JUSTICE RAKOWSKI delivered the opinion of the court:

The Forest Preserve District of Cook County (District) filed a complaint against defendants Mount Greenwood Bank land trust 5—0899, Patric D. Greene and Green Development Group, Inc. (Defendants), seeking to enjoin Defendants from cutting trees, moving earth and oth-

erwise destroying the forest and natural beauty on Defendants' property. The complaint alleged that the subject property adjoined the District's adjoining Dan Ryan Woods Forest Preserve and that the District desired to acquire Defendants' property as an addition to the District's adjoining forest preserve. The District prayed for an injunction to maintain the status quo and preserve the subject property until it was acquired by the District.

The trial court issued a temporary restraining order. Subsequently, however, the trial court heard evidence, and at the close of the District's case, denied the District's motion for a preliminary injunction. The District appeals the trial court's ruling. We reverse.

The relevant facts necessary to disposition of this appeal are as follows. The District is a body corporate and politic established pursuant to "An Act in relation to the creation and management of forest preserve districts in counties having a population of 3,000,000 or more, amending certain Acts named therein to conform thereto" (Ill. Rev. Stat. 1989, ch. 96½, par. 6401 *et seq.*). The governing body of the District is the Board of Commissioners of Cook County, and the District is co-extensive with Cook County, Illinois, where the subject property is located. Defendants are a land trust, an individual and a corporation who collectively own the subject property.

The property at issue is a narrow strip of land which comprises approximately 14½ acres. It is located in the Beverly neighborhood of Chicago, Illinois, between 87th Street at the north end and 90th Street on the south end. The property was once a railroad right-of-way; the right-of-way has been abandoned for years, however. Until the activities of Defendants, the land has been forested and undeveloped. Defendants purchased 4.3 acres of the property in December of 1989, and 10 acres in January of 1991. Previous to November 7, 1990, the property had been zoned single-family residential (R1 and R2). At this time, however, the City of Chicago adopted an ordinance establishing a residential planned development. The City of Chicago issued a building permit for Defendants to begin construction in December of 1990.

The District's Dan Ryan Woods Forest Preserve adjoins the subject property. This forest preserve comprises approximately 200 acres. About 50% of the Dan Ryan Woods is forested, including the portion of the Dan Ryan Woods which is immediately adjoining the subject property.

On February 14, 1991, the real estate committee of the District met and approved a report authorizing the District "to enter into negotiations for the acquisition of the property adjacent to the Dan Ryan Woods contingent on the Forest Preserve District administration return-

ing to the Board of Commissioners for final approval of the price and acquisition." On February 15, 1991, the chief attorney of the District wrote to Defendants seeking "to negotiate for the purchase" of the subject property. No response from Defendants to this letter forthcame. On February 22, 1991, the District's attorney hand-delivered another letter to Defendants advising Defendants that the District was aware that Defendants had begun developing the property, requesting Defendants to cease development of the property and renewing the District's offer to negotiate the purchase of the property. Prior to delivery of the second letter, on February 19, 1991, the District's Board met and approved the real estate committee's report.

The District filed its complaint on February 25, 1991. The District alleged that the subject property contained numerous types of trees and high quality ground cover that the District sought to protect and preserve. It was further alleged that after the District sent its initial letter to Defendants seeking to negotiate for the purchase of the property, Defendants commenced to develop the property and that the development of the property was destroying not only the flora and scenic beauty of the subject premises, but that the development of the subject property adversely disrupted the water balance necessary to preserve and protect flora on the Dan Ryan Woods. Alleging irreparable damage to both the subject property and the Dan Ryan Woods, the complaint sought a temporary restraining order, which the trial court granted.

Defendants answered the complaint on February 28, 1991. Defendants admitted ownership of the property, and Defendants admitted that they had commenced development of the property. The answer denied, however, that the property contained valuable trees and other flora, and that their activities would damage the Dan Ryan Woods. Affirmatively, Defendants alleged that they had obtained Chicago Plan Commission and Chicago city council permission for rezoning the property. Fifty-nine residences, according to Defendants, were planned for the property, one of which was 95% complete. The nearly complete residence was under a contract of sale to a third party. The answer further averred that a consultant had found that the subject property was not a wetland, and that this finding had been accepted by the United States Corps of Engineers.

Defendants filed a motion to dissolve the temporary restraining order along with the answer. The motion was accompanied by documentation, and alleged, *inter alia*, that the District had no standing to bring the action.

The District's motion for a preliminary injunction was heard on March 7 and 8, 1991. At the outset, the trial court dismissed the District's claim "to the *** extent of plaintiff's status as a condemnor." At

the time the trial court ruled on this issue, the evidence showed that the District's real estate committee had scheduled a meeting for the 12th of March to receive appraisals on the subject property. The hearing continued solely on the issue of whether the Dan Ryan Woods would be damaged by Defendants' development activities.

The District put on several witnesses, including an environmental engineer for the United States Army Corps of Engineers, the individual who videotaped Defendants' development activities, the chief forester of the District, a research scientist/ecological consultant, and an ecologist. Upon the completion of the District's case, the trial court ruled that the preliminary injunction was denied.

The District has raised two issues on appeal, namely: (1) whether the trial court erred in denying the District's motion for a preliminary injunction to stop development on the subject property when the District was seeking to condemn the property; and (2) whether the trial court erred in denying the District's motion for a preliminary injunction based on the alleged damage that would occur to the District's Dan Ryan Woods property, the standing which the District has to this property being unchallenged. Due to our resolution of the first issue, we need not consider the second.

■■ Section 7 (Ill. Rev. Stat. 1989, ch. 96½, par. 6410) provides in pertinent part that the District:

> "[S]hall have the power to acquire in fee simple *** lands containing one or more natural forests or parts thereof *** for the purpose of protecting and preserving the flora, fauna, and scenic beauties within such district, and to *** protect and preserve the natural forests and such lands together with their flora and fauna, as nearly as may be, in their natural state and condition, for the purpose of the education, pleasure, and recreation of the public. Lands may be acquired in fee simple for the consolidation of such preserves into unit areas of size and form convenient and desirable for public use[.]"

Section 8 (Ill. Rev. Stat. 1989, ch. 96½, par. 6411) provides in relevant part:

> "Any forest preserve district shall have power to acquire lands in fee simple and grounds within such district for the aforesaid purposes by gift, grant, legacy, purchase or condemnation and to construct, lay out, improve and maintain *** improvements and facilities in and through such forest preserves as it shall deem necessary or desirable for the use of such forest preserves by the public."

In this case, Defendants argue that the trial court was correct to deny the District's motion for a preliminary injunction (or to grant Defendant's motion to dismiss the District's action) based on the standing issue due to the trial court's proper weighing of traditional equitable considerations in actions for injunctive relief, and due to the fact that as the District was only potentially entitled to possession of the property, the District had no enforceable rights to the property.

The District, on the other hand, argues that the trial court erred in denying it injunctive relief because the trial court failed "to apply the time-tested principle that land development activities can be stopped during a period when a governmental agency is in the midst of planning or enacting laws that would make such development illegal." In support of its argument, the District cites a number of cases which are distinguishable in the respect that there, the courts stopped development or demolition activities when the governmental agency was in the process of amending or sought to amend zoning ordinances which would restrict the complained-of activities or complained-of changes to the properties. (See *Chicago Title & Trust Co. v. Village of Palatine* (1959), 22 Ill. App. 2d 264, 160 N.E.2d 697; *Hunter v. Adams* (1960), 180 Cal. 2d 511, 4 Cal. Rptr. 776.) The District also cites cases wherein the denial of building permits were upheld when the proposed areas were subject to future condemnation. (*See East Rutherford Industrial Park, Inc. v. State of New Jersey* (1972), 119 N.J. Super. 352, 291 A.2d 588; *Briggs v. State Department of Parks & Recreation* (1979), 98 Cal. App. 3d 190, 159 Cal. Rptr. 390.) Here, the City of Chicago is not in the process of amending its zoning classifications of the subject property nor was the issuance of a building permit at issue. In fact, due to Defendants' efforts preceding the instant controversy, the City had changed the zoning classification, and building permits had been awarded Defendants.

Notwithstanding the above, we are convinced that Defendants should have been enjoined from continuing their development activities on the subject property. The District's complaint prayed for an injunction "while the District negotiates for or condemns the premises." The complaint further informed the court that the District, as is required by law, had been in the process of first negotiating for the purchase of the property before filing a condemnation action. (See Ill. Rev. Stat. 1989, ch. 110, par. 7–102.) At the time of the hearing, the authority of the District to negotiate the purchase of the property had been approved by the District's real estate committee and the District's board. The trial court was informed, and the record reveals no reason to doubt, that the District's real estate committee was meeting in five days to consider the definitive ordinance.

■ By failing to grant the injunction, which could have been dissolved at a later date should the District fail to pursue the matter, the District appears to have been forced to immediately appeal the matter. Too, the District, consistent with its representations, has in fact filed a condemnation proceeding. Further development of the property would be contrary to the District's planned and statutorily permitted use of the property. Under the unique circumstances of this case, the trial court should have granted the District injunctive relief.

A traditional equitable analysis enforces our holding. One seeking the issuance of a preliminary injunction must establish each of the following elements: (1) he possesses a clearly ascertainable right or interest which needs protection; (2) he has no remedy at law; (3) irreparable harm will result if the preliminary injunction is not granted; and (4) he has a likelihood of success on the merits. (*The Instrumentalist Co. v. Band, Inc.* (1985), 134 Ill. App. 3d 884, 891, 480 N.E.2d 1273.) Additionally, the trial court must conclude that the benefits of granting the injunction outweigh the possible injury that the opposing party might suffer as a result thereof. *Gannett Outdoor v. Baise* (1987), 163 Ill. App. 3d 717, 721, 516 N.E.2d 915.

Here, the District's statutory power to acquire the subject property is not at issue, and the District's interest in protecting the property, for the benefit of the public, is free from doubt. The destruction of the flora and fauna could not be remedied at law. Destruction of the flora, fauna and scenic beauty would be irreparable, and indeed, final. Given the District's statutory grant of authority to acquire the property, success on the merits was likely. While Defendants have argued that they would be tremendously injured by the granting of injunctive relief, it is to be remembered that an attempt at agreement as to compensation for condemned property must be both *bona fide* and in good faith (*Forest Preserve District v. Marquette National Bank* (1991), 208 Ill. App. 3d 823, 567 N.E.2d 635) and the very purpose of condemnation proceedings is to determine the just compensation due the owner. Thus, we are convinced that the benefits to the District of providing injunctive relief outweigh the potential injury to Defendants.

Accordingly, the judgment of the circuit court is reversed.

Reversed.

McNAMARA and LaPORTA, JJ., concur.